IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.:  2:18-cv-00273 |
| ) | |
| DANIEL G. FLORES, ) | |
| CITIMORTGAGE Inc., LORENZO ) | |
| BARELA, ) | |
| NICOLE BARELA and ) | |
| THE STATE OF NEW MEXICO, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## UNITED STATES' COMPLAINT

Plaintiff, United States of America, pursuant to 26 U.S.C. Sections 7401 and 7403, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this complaint against defendants, Daniel G. Flores, CitiMortgage, Inc., Lorenzo Barela, Nicole Barela and the State of New Mexico to: (1) reduce to judgment against Daniel G. Flores unpaid federal income tax liabilities, (2) foreclose federal tax liens against, and sell, certain real property located in Guadalupe County, New Mexico, owned by Daniel G. Flores, and (3) obtain, if appropriate, the 10% surcharge available under subchapter B or C of the Federal Debt Collection Procedure Act.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(a) and 7403(c) and 28 U.S.C. §§ 1340 and 1345.

2. Venue lies with this Court pursuant to 28 U.S.C. §§ 111, 1391(b) and 1396 because Daniel G. Flores resides in, and the property that is the subject of this action is located in, the State of New Mexico.

## PARTIES

3. Plaintiff is the United States of America.

4. Daniel G. Flores (Flores) is the taxpayer owing taxes to the United States. He resides within the jurisdiction of this court. He may be served at the Otero County Prison Facility in Chaparral, New Mexico.

5. CitiMortgage, Inc. ("CitiMortgage") is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it purportedly holds a mortgage lien on the real property upon which foreclosure is being requested herein. It may be served by serving the Legal Services Intake of CitiMortgage, Sioux Falls, South Dakota 57117.

6. The State of New Mexico ("New Mexico") is named a defendant, pursuant to 26 U.S.C. § 7403(b), because it purportedly holds state tax liens on the real property upon which foreclosure is being requested herein. It may be served by serving the Litigation Division, Office of the New Mexico Attorney General, Santa Fe, New Mexico 87504.

7. Lorenzo Barela and Nicole Barela are named as defendants, pursuant to 26 U.S.C. § 7403, because they occupy a structure on the Property upon which foreclosure is being requested herein. They each may be served at their residence in Santa Flores, New Mexico.

## COUNT I (TAX LIABILITY)

8. A delegate of the Secretary of the Treasury assessed against Flores for income (1040) taxes, penalties, interest, and statutory additions on the assessment date indicated. Flores

owes the amount indicated of assessed and accrued taxes, interest and statutory additions as of March 19, 2018.

| Tax Year (Year Ending December 31) | Date of Assessment | Unpaid Balance of Assessed Taxes, Interest, Penalties and Statutory Additions | Accrued Interest as of March 19, 2018 | Accrued Penalty as of March 19, 2018 | Total Due as of March 19, 2018 |
|---|---|---|---|---|---|
| 2000 | 11/26/2007 | 17,276.26 | 10,877.81 | 0 | $28,154.07 |
| 2004 | 09/23/2013 | 13,360.15 | 2,326.72 | 0 | $15,686.87 |
| 2005 | 09/23/2013 | 11,448.83 | 2,137.42 | 0 | $13,586.25 |
| 2006 | 09/23/2013 | 20,739.85 | 3,561.50 | 0 | $24,301.35 |
| 2007 | 09/09/2013 | 16,308.92 | 2,740.50 | 0 | $19,049.42 |
| 2008 | 09/09/2013 | 17,278.52 | 3,011.16 | 0 | $20,289.68 |
| 2009 | 09/09/2013 | 13,268.78 | 2,229.92 | 372.69 | $15,871.39 |
| 2010 | 09/09/2013 | 8,531.53 | 1,433.79 | 601.65 | $10,566.97 |
| Total | | | | | $147,506.00 |

9.  Generally, there is a 10 year limitation from the date of assessment on bringing a proceeding in Court.  There are exceptions.  26 U.S.C. § 6502(a).  No exceptions are necessary for tax years 2004 through 2010.  This proceeding for tax years 2004 through 2010 is timely.

10.  The statute of limitations for tax year 2000 was extended from November 26, 2017 to March 26, 2018, (120 days), by various pending installment agreements between the taxpayer and the Secretary.  Treas. Reg. § 301.6159-1(g) and 26 U.S.C. § 6502.  On information and belief, Flores offered installment agreements on September 12, 2013, September 1, 2016, and November 16, 2016, as well as a partial payment offer agreement on December 4, 2013.  The pending installment agreements were either not accepted by the Internal Revenue Service or Flores defaulted on the payments.  This proceeding for tax year 2000 is timely.

11.  The unpaid assessed and accrued balances of the assessments, including tax, interest, penalties and statutory additions, as of March 19, 2018, is $147,506.00.

12.     Despite having been given proper notice and demand for payment of the assessments shown in paragraphs 8 above, Flores has not fully paid the amounts due.  He therefore, owes such liabilities, plus any accrued, but unassessed, interest, penalties and statutory additions.

13.     At the time of each of the above described assessments, a federal tax lien arose, pursuant to 26 U.S.C. § 6321, in the amount of the assessment and attached to all property or rights to property then owned, or thereafter acquired, by Flores.

## COUNT II  (SUBJECT PROPERTY)

14.     Flores is the owner of certain real property located at 756 Fifth Street, Santa Rosa, Guadalupe County, New Mexico ("the Property"), more specifically described as:

> TRACT I:
>
> A certain lot or parcel of land situate in the Northeast Quarter (NE1/14) of Section Eleven (11), Township Eight (8) North, Range Twenty-one (21) East, N.M.P.M., described as follows: Beginning at a point in the Northeasterly line of Fifth Street in the Town of Santa Rosa, Guadalupe County, New Mexico, distant 25 feet Northwesterly from the point of intersection of the Northeasterly line of said Fifth Street and the Northwesterly line of the extension of Smith Avenue; thence in a Northeasterly direction along the Northwesterly line of a 15 foot alley designated "Private Alley (C.T. Brown in common with adjoining lots) "on the Map of El Rito Extension No. 1, an Addition to the Town of Santa Rosa, New Mexico, 150 feet; thence in a Northwesterly direction, at right angles to the line last described, 100 feet; thence in a Southwesterly direction along a line parallel with and distant 100 feet from the Northwesterly line of said private alley, 150 feet to the point of intersection with the Northeasterly line of said Fifth Street; thence in a Southeasterly direction, following the Northeasterly line of said Fifth Street, 100 feet to the point of beginning;

TRACT II:

All that certain lot or parcel of land situate in the Northeast Quarter (NE1/4) of Section Eleven (11), Township Eight (8), Range Twenty-one (21) East,

N.M.P.M., described as follows:  Beginning at a point in the Northwesterly line of a 15 foot alley designated "Private Alley (C.T. Brown in common with adjoining lots)" on the Map of El Rito Extension No. 1, an Addition to the Town of Santa Rosa, New Mexico, distant 150 feet Northeasterly from (measured along the Northwesterly line of said alley) the Northeasterly line of Fifth Street; thence in a Northeasterly direction along the Northwesterly line of said Private Alley, 100 feet; thence in a Northwesterly direction, at right angles to the line last described, 100 feet; thence in a Southwesterly direction along a line parallel with and distant 100 feet from the Northwesterly line of said Private Alley, 100 feet to intersection with the Northeasterly property line of Odell Baker (formerly John S. Patterson); thence in a Southeasterly direction at right angles to the line last described, and along the property line of Odell Baker, 100 feet to the point of beginning;

15. The Property includes a structure known as 756 ½ Fifth Street, Santa Flores, Guadalupe County, New Mexico.

## COUNT III (UNITED STATES' TAX LIENS)

16. The United States recorded Notices of Federal Tax Liens ("NFTL") against Flores with respect to the above described assessments in the real property records of Guadalupe County, New Mexico, on the dates indicated:

Date of Assessment Noted on following chart:

| Tax Year | Date of Assessment | Date Notice of Federal Tax Lien Filed in Guadalupe County, New Mexico | Last Date to Refile Notice of Federal Tax Lien Stated on Notice of Federal Tax Lien |
|---|---|---|---|
| 2000 | 11/26/2007 | 4/18/2011 & 12/17/2017 | No Date on Refiled Notice |
| 2004 | 9/23/2013 | 11/04/2013 | 10/23/2023 |
| 2005 | 9/23/2013 | 11/04/2013 | 10/23/2023 |
| 2006 | 9/23/2013 | 11/04/2013 | 10/23/2023 |
| 2007 | 9/9/2013 | 10/28/2013 | 10/09/2023 |
| 2008 | 9/9/2013 | 10/28/2013 | 10/09/2023 |
| 2009 | 9/9/2013 | 10/28/2013 | 10/09/2023 |
| 2010 | 9/9/2013 | 10/28/2013 | 10/09/2023 |

17.     As the tax assessments remain unpaid, the federal tax liens should be foreclosed against Flores' interest in the Property described in paragraph 14 above.  Additionally, the Property should be ordered sold free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action with the proceeds of the sale being paid first to the costs of the sale and then to the parties in the order of their priority of interest in the Property.

## COUNT IV (COMPETING CLAIMS)

18.     CitiMortgage holds a mortgage lien on the Property filed in the real property records of Guadalupe County, New Mexico on June 14, 2004.

19.     The mortgage lien filed by CitiMortgage on June 14, 2004, secures the repayment of a mortgage note.

20.     On information and belief, as of September 30, 2016, CitiMortgage was owed $12,370.31, on the mortgage note.

21.     CitiMortgage's lien filed on June 14, 2004, is superior to the tax lien interest of the United States and any interest of the other defendants in the Property.

22. The State of New Mexico filed two Notices of Claims of Tax Liens on October 17, 2016, in the real property records of Guadalupe County, New Mexico.

23. One of the Notice of Claims of Tax Liens recorded by New Mexico secures the payment of state income taxes for periods ending December 31, 2003, December 31, 2006 through December 31, 2011 and December 31, 2013.

24. The other Notice of Claims of Tax Liens recorded by New Mexico secures the payment of gross receipts taxes for periods ending December 31, 2008 through December 31, 2012 and June 30, 2012.

25. On information and belief, New Mexico is owed income taxes and general receipt taxes secured by the Notices of Claims of Tax Liens in the approximate amount of $40,000.

26. CitiMortgage's mortgage lien filed on June 14, 2014, is superior to the tax liens of New Mexico.

27. The United States' tax liens for tax years 2000, 2004 through 2010 are superior to the tax liens of New Mexico.

28. Lorenzo Barela and Nicole Barela reside on the Property. On information and belief, they may have a lease on the Property that has never been recorded in the real property records of Guadalupe County, New Mexico.

29. Any interests of Lorenzo Barela and Nicole Barela in the Property are inferior to the interest of CitiMortgage, the United States of America and New Mexico.

**COUNT V (FEDERAL DEBT COLLECTION PROCEDURE ACT)**

30. 28 U.S.C. § 3011 authorizes the United States to recover a surcharge of 10% of the amount of the debt in the event the United States avails itself of the pre-judgment or post judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act,

28 U.S.C. §§ 3001 *et. seq.*, in order to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

## PRAYER

WHEREFORE, plaintiff, United States of America, requests that this Court:

a)  Enter judgment in favor of the United States and against defendant Daniel G. Flores for federal income taxes, assessed and unassessed interest, penalties and statutory additions for the years 2000, 2004, 2005, 2006, 2007, 2008, 2009, and 2010 in the amount of $147,506.00, as of March 19, 2018, plus additional prejudgment and post-judgment interest thereon from March 19, 2018, until paid, pursuant to 28 U.S.C. § 1961(c)(1); 26 U.S.C. §§ 6601, 6621(a)(2) and 6622;

b)  Determine that the United States has valid and subsisting federal tax liens described in Count III above, that arose with the tax assessments described in Count I above, and attached to all of the property and rights to property of Flores, including his interest in the Property described in Count II above;

c)  Determine the priority of the interests of the parties in the Property described in Count II above;

d)  Order that the United States' federal tax liens be foreclosed upon the Property described in Count II above, that the Property be sold free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, and that the net proceeds of the sale be distributed to the parties in the order of their priority of interest in the Property, after the cost of the sale;

e)  Order that, if the amounts distributed to the United States from the net proceeds of the sale of the Property described in Count II above, are insufficient to satisfy fully the above-described tax liabilities, the United States have judgment for the deficiency against Flores; and

f)  Award the United States such other and further relief as this Court deems just and proper, including judgment for an amount equal to its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

              JOHN C. ANDERSON
              United States Attorney

              /s/ Moha P. Yepuri
              MOHA P. YEPURI
              Texas State Bar No. 24046651
              Department of Justice, Tax Division
              717 N. Harwood, Suite 400
              Dallas, Texas 75201
              (214) 880-9767
              (214) 880-9741 (FAX)
              Moha.P.Yepuri@usdoj.gov
              Attorneys for the United States

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Attorney for U.S.: Moha P. Yepuri, U.S. Dept. of Justice, Tax Division, 717 N. Harwood Street, Suite 400, Dallas, Texas 75201; (214) 880-9767

## DEFENDANTS
DANIEL G. FLORES, CITIMORTGAGE, LORENZO BARELA, NICOLE BARELA and THE STATE OF NEW MEXICO

County of Residence of First Listed Defendant  Otero
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. Sections 7401 and 7403.

Brief description of cause:
To reduce to judgment unpaid federal tax liabilities, foreclose and sale property and obtain 10% surcharge.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  147,506.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/22/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Moha P. Yepuri

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.